[Department One.—January 17, 1884.]

## ANTOINE BOREL, APPELLANT, *v.* MICHAEL DONOHOE ET AL., RESPONDENTS.

MORTGAGE—DESCRIPTION—EVIDENCE.—The description inserted in a mortgage was as follows: "All of his, [the mortgagor's] right, title, and interest in and to nine lots of land in block number one hundred and thirteen as per map of Clinton, said property being now in possession of said party of the first part" (the mortgagor). *Held*, that the mortgage contains no description of land unless assisted by a reference to the map. If the map contains numbered blocks but no designation of lots, there must be proof that when the mortgage was executed the mortgagor was in possession of certain nine lots within block one hundred and thirteen as laid down on the map.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order denying a new trial.

Action to foreclose a mortgage upon lots in the city of Oakland. The facts sufficiently appear in the opinion.

*R. Percy Wright*, for Appellant.

*W. A. Leake*, for Respondents.

PER CURIAM.—The description inserted in the deed of mortgage, a copy whereof is annexed to the complaint, is as follows: "All of his [the mortgagor's, present defendant's] right, title, and interest in and to nine lots of land in block number one hundred and thirteen, as per map of Clinton, *said property* being now in possession of said party of the first part" (mortgagor).

The complaint alleges, "that the premises described in said mortgage, and which were in possession of said Michael Donohoe at the time of the execution of said mortgage, are more particularly described as follows: 'All those certain lots or parcels of land, situated in the city of Oakland, county of Alameda, and State of California, bounded and described together in one parcel as follows.'" (Then comes a description by metes and bounds.)

There is no pretense that there was any mistake in drafting the mortgage, nor is there any prayer for a reformation of the instrument.

It is plain that the mortgage contains no description of land, if the words "as per map of Clinton" be eliminated therefrom.

If these words relate to a map in which *blocks* are numbered, but which contains no designation of *lots*, the mortgage and map contain no description of lands, unless the description was assisted by evidence that when the mortgage was executed the mortgagor was in possession of certain nine lots within the block one hundred and thirteen, as laid down on the map. But the averment and finding is only that at that date defendant and mortgagor was in possession of a certain tract of land. It is not even alleged or found that the general tract included nine lots, or any lots in block 113.

Unless therefore the instrument is to be read as mortgaging any and all lands of which the mortgagor was in possession, the decree of foreclosure cannot stand. But the language will not bear such construction.

Judgment and order reversed and cause remanded to the court below for further proceedings.